| Fill in this information to identify your case: | |
|---|---|

| Debtor 1 | Emmanuel | Okechukwu Okike | Igwe |
|---|---|---|---|
| | First Name | Middle Name | Last Name |

| Debtor 2 | | | |
|---|---|---|---|
| (Spouse, if filing) First Name | | Middle Name | Last Name |

United States Bankruptcy Court for the Northern District of Georgia

Case number   18-71258-lrc
(if known)

■ Check if this is an amended plan, and list below the sections of the plan that have been changed. Amendments to sections not listed below will be ineffective even if set out later in this amended plan.

3.1 change claim amount for Windward; 3.5 delete surrender lease; 8.1 add reject lease w/Acceptance Now

# Chapter 13 Plan

**NOTE:** The United States Bankruptcy Court for the Northern District of Georgia adopted this form plan for use in Chapter 13 cases in the District pursuant to Federal Rule of Bankruptcy Procedure 3015.1. See Order Requiring Local Form for Chapter 13 Plans and Establishing Related Procedures, General Order No. 21-2017, available in the Clerk's Office and on the Bankruptcy Court's website, ganb.uscourts.gov. As used in this plan, "Chapter 13 General Order" means General Order No. 21-2017 as it may from time to time be amended or superseded.

| Part 1: | Notices |
|---|---|

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the United States Bankruptcy Code, local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

*Check if applicable.*

☐ **The plan provides for the payment of a domestic support obligation (as defined in 11 U.S.C. § 101(14A)), set out in § 4.4.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless the Bankruptcy Court orders otherwise. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015.

To receive payments under this plan, you must have an allowed claim. If you file a timely proof of claim, your claim is deemed allowed unless a party in interest objects. See 11 U.S.C. § 502(a).

**The amounts listed for claims in this plan are estimates by the debtor(s). An allowed proof of claim will be controlling, unless the Bankruptcy Court orders otherwise.**

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included," if both boxes are checked, or if no box is checked, the provision will be ineffective even if set out later in the plan.*

| § 1.1 | A limit on the amount of a secured claim, that may result in a partial payment or no payment at all to the secured creditor, set out in § 3.2 | ☐ Included | ■ Not Included |
|---|---|---|---|
| § 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 3.4 | ☐ Included | ■ Not Included |
| § 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |

Debtor  Emmanuel  Okechukwu Okike Igwe                    Case number  18-71258-lrc

| **Part 2:** | **Plan Payments and Length of Plan; Disbursement of Funds by Trustee to Holders of Allowed Claims** |

**§ 2.1    Regular Payments to the trustee; applicable commitment period.**

The applicable commitment period for the debtor(s) as set forth in 11 U.S.C. § 1325(b)(4) is:

*Check one:*   ■ 36 months        ☐ 60 months

Debtor(s) will make regular payments ("Regular Payments") to the trustee as follows:

The debtor(s) will pay _____ $950.00 per ___ month ___ for the applicable commitment period. If the applicable commitment period is 36 months, additional Regular Payments will be made to the extent necessary to make the payments to creditors specified in this plan, not to exceed 60 months unless the Bankruptcy Court orders otherwise. If all allowed claims treated in § 5.1 of this plan are paid in full prior to the expiration of the applicable commitment period, no further Regular Payments will be made.

*Check if applicable.*

■ The amount of the Regular Payment will change as follows *(If this box is not checked, the rest of § 2.1 need not be completed or reproduced. Insert additional lines as needed for more changes.):*

| Beginning on *(insert date)*: | The Regular Payment amount will change to *(insert amount)*: | For the following reason *(insert reason for change)*: |
|---|---|---|
| January 2021 | $1,467.00 per ___ month | End of Wife's car loan |
| August 2021 | $1,585.00 per ___ month | End of Wife's 401(k) Loan |

**§ 2.2    Regular Payments; method of payment.**

Regular Payments to the trustee will be made from future income in the following manner:

*Check all that apply.*

☐ Debtor(s) will make payments pursuant to a payroll deduction order. If a deduction does not occur, the debtor(s) will pay to the trustee the amount that should have been deducted.

■ Debtor(s) will make payments directly to the trustee.

☐ Other (specify method of payment): _____

**§ 2.3    Income tax refunds.**

*Check one.*

■ Debtor(s) will retain any income tax refunds received during the pendency of the case.

☐ Debtor(s) will (1) supply the trustee with a copy of each income tax return filed during the pendency of the case within 30 days of filing the return and (2) turn over to the trustee, within 30 days of the receipt of any income tax refund during the applicable commitment period for tax years _____ , the amount by which the total of all of the income tax refunds received for each year exceeds $2,000 ("Tax Refunds"), unless the Bankruptcy Court orders otherwise. If debtor's spouse is not a debtor in this case, "tax refunds received" means those attributable to the debtor.

☐ Debtor(s) will treat tax refunds ("Tax Refunds") as follows:

_____

**§ 2.4    Additional Payments.**

*Check one.*

■ None.  *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**§ 2.5    [Intentionally omitted.]**

**§ 2.6    Disbursement of funds by trustee to holders of allowed claims.**

(a) **Disbursements before confirmation of plan.** The trustee will make preconfirmation adequate protection payments to holders of allowed claims as set forth in §§ 3.2 and 3.3.

(b) **Disbursements after confirmation of plan.** Upon confirmation, after payment of the trustee's statutory fee, the trustee will disburse Regular Payments, Additional Payments, and Tax Refunds that are available for disbursement to make payments to holders of allowed claims as follows:

(1) **First disbursement after confirmation of Regular Payments.** In the first disbursement after confirmation, the trustee will disburse all

Debtor  Emmanuel  Okechukwu Okike Igwe                    Case number  18-71258-lrc

available funds from Regular Payments in the following order:

(A) To pay any unpaid preconfirmation adequate protection payments required by 11 U.S.C. § 1326(a)(1)(C) as set forth in § 3.2, § 3.3, and orders of the Bankruptcy Court;

(B) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on nonpriority unsecured claims as set forth in § 5.2; and on executory contracts and unexpired leases as set forth in § 6.1; and

(D) To pay claims in the order set forth in § 2.6(b)(3).

**(2) Second and subsequent disbursements after confirmation of Regular Payments.** In the second disbursement after confirmation, and each month thereafter, the trustee will disburse all available funds from Regular Payments in the order below. All available Regular Payments will be distributed to the claims in each paragraph until such claims are paid in full.

(A) To make concurrent monthly payments, including any amount past due under this plan: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs; and

(C) To pay claims in the order set forth in § 2.6(b)(3).

**(3) Disbursement of Additional Payments and Tax Refunds.** The trustee will disburse the Additional Payments and Tax Refunds in the following order:

(A) To pay fees, expenses, and costs of the attorney for the debtor(s) as set forth in § 4.3;

(B) To make pro rata payments on administrative expenses allowed under 11 U.S.C. § 503(b) other than the trustee's fee and the debtor's attorney's fees, expenses, and costs;

(C) To make payments pro rata based on the monthly payment amount: on secured claims as set forth in §§ 3.1, 3.2, 3.3, and 3.4; on domestic support obligations as set forth in § 4.4; on the arrearage claims on both nonpriority unsecured claims as set forth in § 5.2 and executory contracts and unexpired leases as set forth in § 6.1;

(D) To pay other Allowed Secured Claims as set forth in § 3.6;

(E) To pay allowed claims entitled to priority under 11 U.S.C. § 507, other than administrative expenses and domestic support obligations; and

(F) To pay nonpriority unsecured claims not otherwise classified as set forth in § 5.1 ("Unclassified Claims") and to pay nonpriority unsecured claims separately classified as set forth in § 5.3 ("Classified Claims"). The trustee will estimate the total amounts to be disbursed during the plan term (1) to pay Unclassified Claims and (2) to pay Classified Claims. Funds available for disbursement on these claims will be allocated pro rata to each class, and the funds available for disbursement for each class will be paid pro rata to the creditors in the class.

**(4)** Unless the debtor(s) timely advise(s) the trustee otherwise in writing, the trustee may treat and disburse any payments received from the debtor(s) as Regular Payments.

| **Part 3:** | **Treatment of Secured Claims** |
| --- | --- |

**§ 3.1  Maintenance of payments and cure of default, if any.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☑ Beginning with the first payment that is due after the date of the order for relief under Chapter 13, the debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s). Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below.

If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless the Bankruptcy Court orders otherwise, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
| --- | --- | --- | --- | --- |
| Success Mortgage Partners, Inc. | Residence 2005 Walnut Creek Crossing Alpharetta, GA 30005 | $30,116.00 | 0% | $125.00 then $570.00 Beg. 9/2019 |

Debtor  Emmanuel  Okechukwu Okike Igwe                    Case number  18-71258-lrc

| Name of creditor | Collateral | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage |
|---|---|---|---|---|
| Windward Community Services Association, Inc. | Residence/HOA 2005 Walnut Creek Crossing Alpharetta, GA 30005 | $1,453.71 | 0 % | $25.00 then $200.00 Beg. 9/2019 |

**§ 3.2  Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

▣  **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**§ 3.3  Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

▣  **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.

**§ 3.4  Lien avoidance.**

*Check one.*

▣  **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**§ 3.5  Surrender of collateral.**

*Check one.*

▣  **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**§ 3.6  Other Allowed Secured Claims.**

A proof of claim that is filed and allowed as a secured claim, but is not treated as a secured claim in this plan, shall be paid with interest at the rate of  5.25  %. Payments will commence as set forth in § 2.6. Notwithstanding the foregoing, the debtor(s), and any other party in interest, may: object to allowance of the claim; request that the Bankruptcy Court determine the value of the secured claim if modification of the claim is permissible and if 11 U.S.C. § 506 is applicable; or request that the Bankruptcy Court avoid the creditor's lien pursuant to 11 U.S.C. § 522(f), if applicable.

If the Bankruptcy Court determines the value of the secured claim, the portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan.

The holder of the claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) payment of the amount of the secured claim, with interest at the rate set forth above, and discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

Debtor  Emmanuel  Okechukwu Okike Igwe                    Case number  18-71258-lrc

## Part 4:    Treatment of Fees and Priority Claims

### § 4.1    General.

Trustee's fees and all allowed priority claims will be paid in full without postpetition interest.  An allowed priority claim will be paid in full regardless of whether it is listed in § 4.4.

### § 4.2    Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### § 4.3    Attorney's fees.

(a)  The unpaid fees, expenses, and costs owed to the attorney for the debtor(s) in connection with legal representation in this case are $____5,120.00____.  The allowance and payment of the fees, expenses and costs of the attorney for the debtor(s) are governed by General Order 22-2017 ("Chapter 13 Attorney's Fees Order"), as it may be amended.

(b)  Upon confirmation of the plan, the unpaid amount shall be allowed as an administrative expense under 11 U.S.C. § 503(b) to the extent set forth in the Chapter 13 Attorney's Fees Order.

(c)  The Bankruptcy Court may allow additional fees, expenses, and costs to the attorney for debtor(s) in excess of the amount shown in § 4.3(a) above upon application of the attorney in compliance with the Chapter 13 Attorney's Fees Order and after notice and a hearing.

(d)  From the first disbursement after confirmation, the attorney will receive payment under § 2.6(b)(1) up to the allowed amount set forth in § 4.3(a).

(e)  The unpaid balance and any additional amounts allowed under § 4.3(c) will be payable (1) at $____670.00____ per month from Regular Payments and (2) from Tax Refunds or Additional Payments, as set forth in § 2.6, until all allowed amounts are paid in full.

(f)  If the case is converted to Chapter 7 before confirmation of the plan, the debtor(s) direct(s) the trustee to pay to the attorney for the debtor(s) the amount of $____2,500.00____, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the stated amount or the maximum amount to the attorney, whichever is less.

(g)  If the case is dismissed before confirmation of the plan, fees, expenses, and costs of the attorney for the debtor(s) in the amount of $____2,500.00____, not to exceed the maximum amount that the Chapter 13 Attorney's Fees Order permits, will be allowed to the extent set forth in the Chapter 13 Attorney's Fees Order.  The attorney may file an application for fees, expenses, and costs in excess of the maximum amount within 14 days from entry of the order of dismissal.  If the attorney for the debtor(s) has complied with the applicable provisions of the Chapter 13 Attorney's Fees Order, the trustee will deliver, from the funds available, the allowed amount to the attorney.

(h)  If the case is converted to Chapter 7 after confirmation of the plan, the debtor(s) direct(s) the trustee to deliver to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

(i)  If the case is dismissed after confirmation of the plan, the trustee will pay to the attorney for the debtor(s), from the funds available, any allowed fees, expenses, and costs that are unpaid.

### § 4.4    Priority claims other than attorney's fees.

☑ **None.**  *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

## Part 5:    Treatment of Nonpriority Unsecured Claims

### § 5.1    Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata, as set forth in § 2.6.  Holders of these claims will receive:

*Check one.*

☐  A pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  A pro rata portion of the larger of (1) the sum of $_____ and (2) the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☐  The larger of (1)_____% of the allowed amount of the claim and (2) a pro rata portion of the funds remaining after disbursements have been made to all other creditors provided for in this plan.

☑  100% of the total amount of these claims

Unless the plan provides to pay 100% of these claims, the actual amount that a holder receives will depend on (1) the amount of claims filed and allowed and (2) the amounts necessary to pay secured claims under Part 3 and trustee's fees, costs, and expenses of the attorney for the debtor(s), and other priority claims under Part 4.

### § 5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*

☑ **None.**  *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

Debtor  Emmanuel Okechukwu Okike Igwe _____     Case number  18-71258-lrc _____

**§ 5.3  Other separately classified nonpriority unsecured claims.**

 *Check one.*

 ☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Part 6: | Executory Contracts and Unexpired Leases |
|---|---|

**§ 6.1  The executory contracts and unexpired leases listed below are assumed and will be treated as specified.  All other executory contracts and unexpired leases are rejected.**

 *Check one.*

 ☒ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

| Part 7: | Vesting of Property of the Estate |
|---|---|

**§ 7.1  Unless the Bankruptcy Court orders otherwise, property of the estate shall not vest in the debtor(s) on confirmation but will vest in the debtor(s) only upon: (1) discharge of the debtor(s); (2) dismissal of the case; or (3) closing of the case without a discharge upon the completion of payments by the debtor(s).**

| Part 8: | Nonstandard Plan Provisions |
|---|---|

**§ 8.1  Check "None" or list Nonstandard Plan Provisions.**

 ☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

 *Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below.  A nonstandard provision is a provision not otherwise included in this N.D. Ga. Chapter 13 Plan Form or deviating from it.  Nonstandard provisions set out elsewhere in this plan are ineffective.*

 ***The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.  (Insert additional lines if needed.)***

 1. All student loans are to be paid directly by Debtor and not funded under this plan.  Nelnet, US Department of Education, and Great Lakes fall under this class.

 2. Debtor rejects lease with Acceptance Now.

| Part 9: | Signatures |
|---|---|

**§ 9.1  Signatures of Debtor(s) and Attorney for Debtor(s).**

 *The debtor(s) must sign below.  The attorney for the debtor(s), if any, must sign below.*

✖ /s/ Emmanuel Okechukwu Okike Igwe _____
Signature of debtor 1 executed on  02 / 06 / 2019 _____
         MM / DD / YYYY

2005 Walnut Creek Crossing, Alpharetta, GA 30005 _____
Address                          City, State, ZIP code

✖ /s/ _____
Signature of debtor 2 executed on _____
         MM / DD / YYYY

_____
Address                          City, State, ZIP code

✖ /s/ Jamie L. Gingold Ga. Bar No. 295401 _____
Signature of attorney for debtor(s)

Gingold & Gingold LLC _____
Firm

Date:  02 / 06 / 2019 _____
         MM / DD / YYYY

1718 Peachtree Street, NW, Suite 385, Atlanta, GA 30309 _____
Address                          City, State, ZIP code

**By filing this document, the debtor(s), if not represented by an attorney, or the attorney for debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 Plan are identical to those contained in the Local Form for Chapter 13 Plans that the Bankruptcy Court for the Northern District of Georgia has prescribed, other than any nonstandard provisions included in Part 8.**

STATE OF GEORGIA
COUNTY OF FULTON

## VERIFICATION

I, Emmanuel Okechukwu Okike Igwe, petitioner in the foregoing petition, declare, under

penalty of perjury, pursuant to Bankruptcy Rule 1008, that the foregoing Amendment is true and

correct.

_____/s/_____

Emmanuel Okechukwu Okike Igwe

Dated: February 6, 2019

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| EMMANUEL OKECHUKWU | * | |
| OKIKE IGWE, | * | |
| Debtor. | * | CASE NO. 18-71258-LRC |

CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the Amended Plan using the Bankruptcy Electronic Case Filing program, which sends a notice of this Document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Melissa J. Davey**
Chapter 13 Trustee

**Elizabeth F. Taylor**

I further certify that on this day I caused a copy of the document to be served via United States First Class Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Emmanuel Okechukwu Okike Igwe
2005 Walnut Creek Crossing
Alpharetta, GA 30005

All Creditors on Attached Matrix

Dated: February 6, 2019

                                        **GINGOLD & GINGOLD LLC**
                                        Counsel for Debtor

                                        By: _____/s/_____
                                        Jamie L. Gingold
                                        Ga. Bar No. 295401
                                        1718 Peachtree Street, NW
                                        Suite 385
                                        Atlanta, GA 30309
                                        404-685-8800
                                        *notices@gingoldbankruptcylaw.com*

Label Matrix for local noticing
113E-1
Case 18-71258-lrc
Northern District of Georgia
Atlanta
Wed Feb  6 12:14:10 EST 2019

Acceptance Now
5501 Headquarters Drive
Plano, TX 75024-5837

(p)CAINE & WEINER COMPANY
12005 FORD ROAD 300
DALLAS TX 75234-7262

Capital One Bank USA
P.O. Box 30281
Salt Lake City, UT 84130-0281

Chioma Igwe
2005 Walnut Creek Crossing
Alpharetta, GA 30005-7489

Contract Callers Inc.
501 Green Sreet
3rd Floor, Suite 302
Augusta, GA 30901-4415

Credit Collection Services
P.O. Box 96
Norwood, MA 02062-0096

Credit One Bank
P.O. Box 98872
Las Vegas, NV 89193-8872

Melissa J. Davey
Melissa J. Davey, Standing Ch 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303-1236

First Progress Card Services
P.O. Box 84010
Columbus, GA 31908-4010

First Source Advantage
P.O. Box 628
Buffalo, NY 14240-0628

Gas South LLC
P.O. Box 723728
Atlanta, GA 31139-0728

Georgia Power Company
2500 Patrick Henry Pkwy
BIN 80003
McDonough, GA 30253-4298

Georgia Power Company
P.O. Box 105537
Atlanta, GA 30348-5537

Ira D. Gingold
Gingold & Gingold LLC
Suite 385
1718 Peachtree Street NW
Atlanta, GA 30309-2498

Great Lakes Higher Education
P.O. Box 7860
Madison, WI 53707-7860

Emmanuel Okechukwu Okike Igwe
2005 Walnut Creek Crossing
Alpharetta, GA 30005-7489

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Nelnet on behalf of Ascendium Education Solu
PO Box 8961
Madison, WI 53708-8961

Nelnet/Dept. of Education
3015 S. Parker Road
Suite 400
Aurora, CO 80014-2904

Notte & Kreyling P.C.
11770 Haynes Bridge Road
Suite 205-104
Alpharetta, GA 30009-1970

OneMain
P.O. Box 3251
Evansville, IN 47731-3251

Onemain Financial
1570 Holcomb Bridge Road
Suite 345
Roswell, GA 30076-4716

Progressive Insurance Corp.
6300 Wilson Mills Road
Cleveland, OH 44143-2182

Success Mortgage Partners Inc.
1200 S. Sheldon Road, Suite 150
Plymouth, MI 48170-2187

Sunrise Credit Services
P.O. Box 9100
Farmingdale, NY 11735-9100

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

TD Bank USA/Target
P.O. Box 673
Minneapolis, MN 55440-0673

Elizabeth F. Taylor
Winter Capriola Zenner, LLC
One Securities Centre, Suite 800
3490 Piedmont Road, NE
Atlanta, GA 30305-4811

The Gilroy Firm
3780 Mansell Road
Suite 140
Alpharetta, GA 30022-8299

TrueAccord
303 2nd Street. Suite 750 South
San Francisco, CA 94107-2543

US Department of Education
P.O. Box 7859
Madison, WI 53707-7859

Wells Fargo Card Services
P.O. Box 14517
Des Moines, IA 50306-3517


Windward Community Services
c/o Assess Management Group
1100 North Meadow Pkwy
Suite 150
Plymouth, MI 48170

Windward Community Services Association, Inc
Stephen A. Winter, Esq
Winter Capriola Zenner, LLC
3490 Piedmont Road, NE, Ste 800
Atlanta, GA 30305-4811

Winter
Winter Capriola Zenner, LLC
3490 Piedmont Rd, N.E.
Suite 800
Atlanta, GA 30305-4811


Winter Capriola Zenner, LLC
One Securities Centre
3490 Piedmont Road, NE
Suite 800
Atlanta, GA 30305-4811


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Caine & Weiner
P.O. Box 55848
Sherman Oaks, CA 91413

T-Mobile
P.O. Box 53410
Bellevue, WA 98015


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.


(u)Windward Community Services Association, I

(du)Windward Community Services Association,

End of Label Matrix
Mailable recipients    36
Bypassed recipients     2
Total                  38