IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-71258 |
| EMMANUEL OKECHUKWU | ) | |
| OKIKE IGWE | ) | CHAPTER 13 |
| | ) | |
| Debtor. | ) | JUDGE CRAIG |
| | ) | |
| SUCCESS MORTGAGE PARTNERS, INC. | ) | |
| | ) | |
| Movant | ) | CONTESTED MATTER |
| v. | ) | |
| | ) | |
| EMMANUEL OKECHUKWU | ) | |
| OKIKE IGWE, Debtor | ) | |
| CHIOMA EBERE IGWE, Co-debtor | ) | |
| | ) | |
| MELISSA J. DAVEY, Trustee, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY**

COMES NOW, SUCCESS MORTGAGE PARTNERS, INC. (hereinafter, "Success" or, alternatively, "Movant"), a creditor and party in interest in the above-captioned case, by and through its undersigned counsel, and, pursuant to Rules 4001 and 9014 of the Bankruptcy Rules and 11 U.S.C. §§ 362(d) and § 1301, moves the Court for an order lifting the automatic stay (hereinafter, the "Motion") as to the debtor and co-debtor, and additionally seeks waiver of the 30-day requirement under 11 U.S.C. § 362(e) and 11 U.S.C. § 1301(d). In support thereof, Movant alleges as follows:

1.

On or about July 25, 2017, Success made a secured loan to Debtor EMMANUEL OKECHUKWU OKIKE IGWE and Co-debtor CHIOMA EBERE IGWE ("Loan") in the

1

principal amount of $424,100.00. The Loan is evidenced and secured by a promissory note ("Note") and a security deed ("Security Deed") encumbering that certain property known as 2005 WALNUT CREEK CROSSING, ALPHARETTA, GA 30005 ("Property"), said Security Deed being recorded on July 27, 2017 at Deed Book 57778, Page 160, Fulton County, Georgia records. True and correct copies of the Security Deed and Note are attached hereto as Exhibits "A" and "B," respectively.

2.

Additionally, on July 25, 2017, Debtor and Co-Debtor executed the Uniform Residential Loan Application, which adopted and incorporated the prior Uniform Residential Loan Application executed by Debtor and Co-Debtor (collectively, the "Loan Application"). The redacted Loan Application is attached hereto as Exhibit "C."

3.

Within the Loan Application, Debtor and Co-Debtor averred that Debtor had a 2017 monthly gross income of $8,561.00, and further averred that borrower had one Wells Fargo bank account, ending in 7932.

4.

However, the face of the bankruptcy petition reflects that Debtor in fact had zero 2017 income. *See* Dkt. 1, p. 10.

5.

Debtor further averred on the Loan Application that, as of July 2017, he had been employed with Native Products, Inc. for 4 years.

6.

However, the face of the bankruptcy petition reflects that Debtor in fact had only worked for Native Products, Inc. for 2 years as of December 2018.  *See* Dkt. 1, p. 42.

7.

Additionally, Debtor funded his contribution at the time of closing with a payment from an undisclosed Wells Fargo account, ending in 8025.  See wiring instructions attached hereto as Exhibit "D."

8.

These material misrepresentations and omissions, in addition to other material misrepresentations and omissions within the Loan Application which Movant relied on, were not discovered by Movant until after the closing on the Note and Security Deed.

9.

The Security Deed was originally granted in favor of Mortgage Electronic Services, Inc., as nominee for Success Mortgage Partners, Inc.  The Security Deed was last assigned to Success by that certain assignment recorded at Deed Book 59315, Page 246, Fulton County, Georgia records ("Assignment").  A true and correct copy of the Assignment are attached hereto as Exhibit "E."

10.

Pursuant to the terms of the Security Deed, Debtor and Co-Debtor are in default due to the aforementioned material misrepresentations and omissions.  *See* Section 8, Security Deed.

11.

Movant's secured interest in the Property is perfected and continuing.

12.

Debtor filed a voluntary petition for bankruptcy protection under Chapter 13 of the

Bankruptcy Code on December 19, 2018, and is, therefore, subject to the jurisdiction of the Court.

13.

Trustee is named as a respondent solely in her official capacity.

14.

Debtor and Co-Debtor were, at the time of said Chapter 13 petition, and are now the owners of the Property.

15.

Debtor and Co-Debtor have defaulted in making payments which have come due since this case was filed. As of February 11, 2019, Debtor has a post-petition deficiency of $7,077.52. This figure is comprised of Two (2) post-petition mortgage payments in the amount of $3452.45, plus a $172.62 late fee under the terms of the Note, plus attorney's fees and other costs arising under the terms of the Note and Security Deed.

16.

As of February 11, 2019, the amount due under the Loan documents and the Note and Security Deed is $454,080.19, inclusive of principal, interest, late charges, attorney's fees and costs.

17.

Debtor additionally represented to counsel for Movant in November 2018 that he had real property assets in Nigeria which he intended to sell in order to pay off Movant's perfected security interest in the Property.

18.

However, the face of the petition does not reflect any overseas real property assets or other financial interests held by Debtor or Co-Debtor.

19.

The automatic stays provided by Section 362(a) and Section 1301 prevents Movant from enforcing its lawful foreclosure rights against the Property pursuant to its Security Deed.

20.

Section 362(d) of the Bankruptcy Code requires a Court to grant relief from the automatic stay by terminating, modifying or annulling the stay, for cause, including the lack of adequate protection of a lien holder's interest in its collateral.

21.

Movant does not have adequate protection of its interest in the Property because the Debtor has failed to comply with the terms of the Loan documents and the Note and Security Deed. Consequently, cause exists to grant Movant relief from the automatic stay so that Movant may exercise its remedies under the Security Deed and applicable state law with regard to the enforcement of its debt against the Property.

22.

Movant additionally is entitled to relief from the automatic stay for cause due to the material misrepresentations and omissions by Debtor and Co-Debtor to Movant within the Loan Application.

23.

If Movant is not permitted to exercise its legal rights against the Property pursuant to its Security Deed, Movant will suffer irreparable injury, loss, and damages.

24.

Movant requests a waiver of the 30-day requirement under Section 362(e).

25.

Movant further avers there is cause, including the lack of adequate protection, for granting Movant's Motion for Relief from Automatic Stay.

WHEREFORE, Movant respectfully prays and requests of this Court as follows:

(a) that the Automatic Stay pursuant to 11 U.S.C. § 362 be modified so as to permit the Movant to exercise its right to foreclose its secured property under the terms of the Note and Security Deed and to send notices as required by state law; or in the alternative, Movant at its option be permitted to contact the Debtor via telephone or written correspondence to offer, provide, or enter any loan modification, loan workout, or loss mitigation including a deed in lieu of foreclosure as allowed by state law; and

(b) that the Co-Debtor Automatic Stay pursuant to 11 U.S.C. § 1301 be modified so as to permit the Movant to exercise its right to foreclose its secured property under the terms of the Note and Security Deed and to send notices as required by state law; or in the alternative, Movant at its option be permitted to contact the Co-Debtor via telephone or written correspondence to offer, provide, or enter any loan modification, loan workout, or loss mitigation including a deed in lieu of foreclosure as allowed by state law; and

(c) that the terms of Bankruptcy Rule 4001(a)(3) be waived so that Movant may immediately enforce and implement the Order granting relief from the Automatic Stay; and

(d) that the costs and fees associated with filing and prosecution of this Motion by Movant, including, but not limited to Movant's attorney fees and the associated filing fee, be borne by Debtor and Co-Debtor pursuant to the terms of the Note and Security Deed; and

(e) that Movant be granted any such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 11th day of February, 2019.

| | |
|---|---|
| THE GILROY FIRM | /s/ Matthew F. Totten |
| 3780 Mansell Road, Suite 140 | MONICA K. GILROY |
| Alpharetta, Georgia 30022 | (Georgia Bar No. 420527) |
| (678) 280-1922 (Telephone) | MATTHEW F. TOTTEN |
| (678) 280-1923 (Facsimile) | (Georgia Bar No. 798589) |
| Monica.Gilroy@gilroyfirm.com | ATTORNEYS FOR MOVANT |
| Matthew.Totten@gilroyfirm.com | |

## **CERTIFICATE OF SERVICE**

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing ***MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY*** in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

Ira D. Gingold
Gingold & Gingold, LLC
Ste 385
1718 Peachtree St. NW
Atlanta, Georgia 30309

Melissa J. Davey
Chapter 13 Trustee
Suite 200
260 Peachtree Street, NW
Atlanta, GA 30303

Further, a true copy of the foregoing ***Motion for Relief from Automatic Stay and Co-Debtor Stay*** has been served upon the following Respondents by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

CHIOMA EBERE IGWE
2005 Walnut Creek Crossing
Alpharetta, GA 30005

Dated: February 11, 2019

Respectfully submitted,

THE GILROY FIRM /s/ Matthew F. Totten
3780 Mansell Road, Suite 140 MONICA K. GILROY
Alpharetta, Georgia 30022 (Georgia Bar No. 420527)
(678) 280-1922 (Telephone) MATTHEW F. TOTTEN
(678) 280-1923 (Facsimile) (Georgia Bar No. 798589)
Monica.Gilroy@gilroyfirm.com ATTORNEYS FOR MOVANT
Matthew.Totten@gilroyfirm.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
(ATLANTA)

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-71258 |
| EMMANUEL OKECHUKWU | ) | |
| OKIKE IGWE | ) | CHAPTER 13 |
| | ) | |
|     Debtor. | ) | JUDGE CRAIG |
| _____ | ) | |
| SUCCESS MORTGAGE PARTNERS, INC. | ) | |
| | ) | |
|     Movant | ) | CONTESTED MATTER |
| v. | ) | |
| | ) | |
| EMMANUEL OKECHUKWU | ) | |
| OKIKE IGWE, Debtor | ) | |
| CHIOMA EBERE IGWE, Co-debtor | ) | |
| | ) | |
| MELISSA J. DAVEY, Trustee, | ) | |
| | ) | |
|     Respondents. | ) | |
| _____ | ) | |

**<u>NOTICE OF HEARING</u>**

    **PLEASE TAKE NOTICE** that SUCCESS MORTGAGE PARTNERS, INC has filed a ***Motion for Relief from Automatic Stay and Co-Debtor Stay*** and related papers with the Court in the above-referenced matter, seeking an order lifting the automatic stay as to certain real property located 2005 Walnut Creek Crossing, Alpharetta, GA 30005.

    **PLEASE TAKE FURTHER NOTICE** that the Court will hold a hearing on the ***Motion for Relief from Automatic Stay and Co-Debtor Stay*** in Courtroom 1204, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 at **1:15 P.M. (ET)** on **Tuesday, March 5, 2019.**

    Your rights may be affected by the court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at the address stated below, but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk at least two (2) business days before the hearing. The address of the Clerk's Office is: Clerk, U.S. Bankruptcy Court, Suite 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia. You

must also mail a copy of your response to the undersigned at the address stated below.

If a hearing on the motion for relief from the automatic stay cannot be held within thirty (30) days, Movant waives the requirement for holding a preliminary hearing within thirty (30) days of filing the motion and agrees to a hearing on the earliest possible date. Movant consents to the automatic stay remaining in effect until the Court orders otherwise.

Dated: February 11, 2019

|  |  |
|---|---|
| THE GILROY FIRM | Respectfully submitted, |
| 3780 Mansell Road, Suite 140 | /s/ Matthew F. Totten |
| Alpharetta, Georgia 30022 | MONICA K. GILROY |
| (678) 280-1922 (Telephone) | (Georgia Bar No. 420527) |
| (678) 280-1923 (Facsimile) | MATTHEW F. TOTTEN |
| Monica.Gilroy@gilroyfirm.com | (Georgia Bar No. 798589) |
| Matthew.Totten@gilroyfirm.com | ATTORNEYS FOR MOVANT |

## CERTIFICATE OF SERVICE

This is to certify that, in accordance with BLR 5005-5 (Bankr. N.D. Ga.), I have this date electronically filed the within and foregoing *Notice of Hearing* in the above-captioned contested matter with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record, and specifically, to counsel of record for the parties in interest in this matter:

> Ira D. Gingold
> Gingold & Gingold, LLC
> Ste 385
> 1718 Peachtree St. NW
> Atlanta, Georgia 30309
>
> Melissa J. Davey
> Chapter 13 Trustee
> Suite 200
> 260 Peachtree Street, NW
> Atlanta, GA 30303

Further, a true copy of the foregoing *Notice of Hearing* has been served upon the following Respondents by depositing a copy of the same in the United States mail, first class postage prepaid, addressed as follows:

> CHIOMA EBERE IGWE
> 2005 Walnut Creek Crossing
> Alpharetta, GA 30005

Dated: February 11, 2019

|  |  |
|---|---|
| THE GILROY FIRM | Respectfully submitted, |
| 3780 Mansell Road, Suite 140 | /s/ Matthew F. Totten |
| Alpharetta, Georgia 30022 | MONICA K. GILROY |
| (678) 280-1922 (Telephone) | (Georgia Bar No. 420527) |
| (678) 280-1923 (Facsimile) | MATTHEW F. TOTTEN |
| Monica.Gilroy@gilroyfirm.com | (Georgia Bar No. 798589) |
| Matthew.Totten@gilroyfirm.com | ATTORNEYS FOR MOVANT |