# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| EMMANUEL OKECHUKWU OKIKE | * | |
| IGWE | * | CASE NO. 18-71258-LRC |
|     Debtor. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SUCCESS MORTGAGE PARTNERS, INC., | * |
| | * |
|     Movant, | * |
| v. | * |
| | * |
| EMMANUEL OKECHUKWU OKIKE, | * |
| IGWE, Debtor | * |
| CHIOMA EBERE IGWE, Co-Debtor | * |
| | * |
| MELISSA J. DAVEY, Trustee | * |
|     Respondents. | * |

## RESPONSE TO MOTION FOR RELIEF FROM AUTOMATIC STAY AND CO-DEBTOR STAY

COMES NOW Debtor, by and through Counsel, and files this response to the Motion for Relief filed by Movant, Success Mortgage Partners, Inc., (Docket No. 12) as follows:

1.

Paragraph 1 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 1 of the Motion as stated.

2.

Paragraph 2 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 2 of the Motion as stated.

3.

The first part of Paragraph 3 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 3 of the Motion as stated.

Debtor adds clarification that the Wells Fargo bank account ending in 7932 is a savings account linked to a checking account ending 8025. The linked account was closed in August of 2017.

4.

Debtor filed an amended Statement of Financial Affairs, Docket 18, as well as Debtor amended Tax Returns for 2016 and 2017 with IRS Form 2555 detailing foreign earned income. Debtor forwarded same to the Chapter 13 Trustee.

5.

Paragraph 5 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 5 of the Motion as stated.

6.

Paragraph 6 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 6 of the Motion as stated.

Debtor offers as an explanation, he was asked by bankruptcy counsel if he had been with his present employer for at least two years.

7.

Paragraph 7 of the Motion does not require a response as it refers to a document which

speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 7 of the Motion as stated. The account ending in 8025 is the parent checking account of Debtor's savings account ending with 7932. At Closing, $14,875.00 was transferred from Debtor's savings account ending in 7932 to Debtor's checking account ending 8025 to complete the funding of the wire of $33,400.00. This linked account has since been closed in August of 2017; therefore, it does not have to be disclosed on the bankruptcy petition. Part 8 of The Statement of Financial Affairs requires disclosure of any financial accounts closed within one year of filing.

8.

Debtor denies the allegations contained in Paragraph 8 of the Motion as stated.

9.

Paragraph 9 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 9 of the Motion as stated.

10.

Debtor denies the allegations contained in Paragraph 10 of the Motion as stated.

11.

Paragraph 11 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 11 of the Motion as stated.

12-14.

Debtor admits the statements contained in Paragraphs 12-14 of the Motion.

15.

Debtor denies the allegations contained in Paragraph 15 of the Motion as stated.

Movant had its attorney return Debtor's January payment to Debtor. As a result, Debtor hand delivered certified funds in the amount of $10,702.59, which includes mortgage payments for January, February and March 2019, plus $345.24 as late fees for January and February. Counsel for Debtor emailed Counsel for Movant and gave copies of the certified funds on February 22, 2019. See Exhibit A attached hereto and incorporated by reference.

16.

Debtor denies the allegation contained in Paragraph 16 of the Motion as stated.

17.

As Debtor clarified to Movant's counsel at the Meeting of Creditors, the Nigerian property belongs to Debtor's wife. Debtor has never had any interest in said property.

18.

Paragraph 18 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 18 of the Motion as stated. Specifically, Debtor's Wife's property, which is part of her family inheritance, is not subject to this proceeding. Debtor is not required to list a non-filing spouse's property in the bankruptcy petition.

19.

Paragraph 19 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained in Paragraph 19 of the Motion as stated.

20.

Paragraph 20 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained

in Paragraph 20 of the Motion as stated.

21.

Debtor denies the allegations in Paragraph 21 of the Motion. The Property is provided for in the Plan. All post-petition mortgage payments are able to be current if Movant accepts the certified funds for January, February, and March 2019 payments. The Plan provides for all prepetition arrears to be paid over the course of the plan.

Debtor states the mortgage account was current as of April 2018, when it was transferred from PennyMac Corp. to Movant. In the last eight months Movant has rejected and returned 5 mortgage payments in order to create a false narrative that Debtor is delinquent, enabling Movant to foreclose on the Property. Movant has refused to honor the escrow responsibilities per the terms of the loan, by not paying property taxes for more than 6 months after they became due in July of 2018 and only doing so in December 2018 when they thought they would foreclose on the property on January 2, 2019. Movant also refused to pay the hazard insurance premium on the Property, since it became due in October 2018 leading to its cancellation, despite having escrow funds in Movant's custody. Debtor had to pay for insurance out of pocket to protect the Property.

22.

Debtor denies the allegation contained in Paragraph 22 of the Motion as stated.

23.

Debtor denies the allegation contained in Paragraph 23 of the Motion as stated.

24.

Paragraph 24 of the Motion does not require a response as it refers to a document which speaks for itself but to the extent a response is required Debtor denies the allegations contained

in Paragraph 24 of the Motion as stated.

25.

Debtor denies the allegations contained in Paragraph 25 of the Motion as stated. Debtor's Chapter 13 reorganization plan is likely to be confirmed. The trustee payments are current. Specifically, Debtor's January and February payments have been paid. Debtor's Chapter 13 March payment is not due until March 18, 2019. Debtor has filed a Plan that has a reasonable possibility of being confirmed within a reasonable amount of time. Additionally, the Property is necessary for an effective reorganization. Debtor has a wife, 3 children (15, 14 and 2 years old), and a 17-year old niece that he is responsible for and they all reside at the Property.

WHEREFORE, Debtor prays:

(a) that the Motion for Relief be denied; and

(b) for such other and further relief as this Court may deem necessary and proper.

Dated: February 27, 2019

Respectfully submitted,

GINGOLD & GINGOLD LLC
Counsel for Debtor

By: /s/ Jamie L. Gingold
Ga. Bar No. 295401
1718 Peachtree Street, NW,
Suite 385
Atlanta, GA 30309
404-685-8800
*notices@gingoldbankruptcylaw.com*



**REGIONS**

CASHIER'S CHECK
02/22/2019

5502622606

CHIOMA IGWE / MORTGAGE PAYMENTS FOR JAN,FEB,& MAR
Purchaser / Purchased For

TEN THOUSAND THREE HUNDRED FIFTY SEVEN DOLLARS AND 35 CENTS

PAY TO THE ORDER OF: SUCCESS MORTGAGE PARTNERS INC

$10,357.35   Fee   $8.00

**NOT NEGOTIABLE
CUSTOMER COPY**

Regions Bank

Branch GA05871
CC105871

---

**REGIONS**

CASHIER'S CHECK
02/22/2019

61-1/620

5502622606

CHIOMA IGWE / MORTGAGE PAYMENTS FOR JAN,FEB,& MAR
Purchaser / Purchased For

TEN THOUSAND THREE HUNDRED FIFTY SEVEN DOLLARS AND 35 CENTS

PAY TO THE ORDER OF: SUCCESS MORTGAGE PARTNERS INC

$10,357.35

Regions Bank

Authorized Signature

Branch GA05871
CC105871

⑊550262260⑊  ⑉062000019⑉  000074265⑊

**REGIONS**    **Personal Money Order Receipt**    2101870688

Date: 02/22/2019   11:10 A
Branch: GA05871   Teller#: 04
Money Order Purchase
Amount: $172.62

SEE PURCHASER'S AGREEMENT ON REVERSE SIDE

**REGIONS**    **Personal Money Order**    61-1/620   2101870688

PAY TO THE ORDER OF                                    02/22/2019

Success Mortgage Partners Inc.

**ONE HUNDRED SEVENTY TWO DOLLARS AND 62 CENTS**    **$172.62**

**VOID IF OVER US $1,000**

FOR February 2019 — Late Fee

Purchaser's Signature                Branch GA05871
                                     CC105871

⑈210187068⑈ ⑆062000019⑈ 930001290⑈

**REGIONS**  Personal Money Order Receipt    2101870687

Date: 02/22/2019   11:10 A
Branch: GA05871   Teller#: 04
Money Order Purchase
Amount: $172.62

SEE PURCHASER'S AGREEMENT ON REVERSE SIDE

**REGIONS**   Personal Money Order   61-1/620   2101870687

PAY TO THE ORDER OF                                          02/22/2019

Success Mortgage Partners Inc.

**VOID IF OVER US $1,000**

**ONE HUNDRED SEVENTY TWO DOLLARS AND 62 CENTS**     **$172.62**

FOR January 2019 — Late Fee.

Purchaser's Signature             Branch GA05871
                                  CC105871

⑆210187068⑆  ⑈062000019⑈  93000129O4⑆

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| EMMANUEL OKECHUKWU | * | |
| OKIKE IGWEIGWE , | * | |
| Debtor. | * | CASE NO. 18-71258-LRC |

CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the Response to Motion to Life Stay filed by Success Mortgage Partners, Inc. using the Bankruptcy Electronic Case Filing program, which sends a notice of this Document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

**Melissa J. Davey**
**Elizabeth F. Taylor**
**Matthew F. Totten**

I further certify that on this day I caused a copy of the document to be served via United States First Class Mail, with adequate postage prepaid on the following persons or entities at the addresses stated:

Emmanuel Okechukwu Okike Igwe
2005 Walnut Creek Crossing
Alpharetta, GA 30005

Chioma Ebere Igwe
2005 Walnut Creek Crossing
Alpharetta, GA 30005

The Gilroy Firm
3780 Mansell Road, Suite 140
Alpharetta, GA 30022

Dated: February 27, 2019

**GINGOLD & GINGOLD LLC**
Counsel for Debtor

By: _____/s/_____
Jamie L. Gingold
Ga. Bar No. 295401
1718 Peachtree Street, NW
Suite 385
Atlanta, GA 30309
404-685-8800
*notices@gingoldbankruptcylaw.com*